**Johnny Lee SCOTT, et al.**

v.

**CITY OF HOUSTON, et al.**

**Civ. A. No. H–81–20.**

United States District Court,
S.D. Texas,
Houston Division.

Jan. 2, 1985.

Constance K. Acosta, Williams, Birnberg & Andersen, Houston, Tex., for plaintiffs.

John E. Fisher, Asst. City Atty., Houston, Tex., for defendants.

### ORDER

CARL O. BUE, Jr., District Judge.

Pending before the Court is defendants' motion for judgment in which defendants

contend that they are entitled to entry of judgment in their favor as to plaintiffs' claims under Title 42 U.S.C. § 1981,[1] § 1983,[2] and §§ 2000e *et seq.*[3] In response, plaintiffs request the Court virtually to ignore the jury's answers to the special interrogatories in which no racial discrimination on the part of defendants was found, and enter judgment for plaintiffs, Johnny Lee Scott and Frederick Van Moore, as to their Title 42 U.S.C. §§ 2000e *et seq.* claims based on disparate treatment and disparate impact theories of liability. After carefully reviewing the entire record in this case, the evidence adduced at trial, memoranda of the parties, and relevant law, the Court is of the opinion that judgment should be entered in favor of defendants on all claims for the reasons discussed below.

### Discriminatory Treatment

Plaintiffs, Johnny Lee Scott, Frederick Van Moore, and John Thornton, brought this action pursuant to *inter alia* Title 42 U.S.C. § 1981, § 1983, and §§ 2000e *et seq.*, alleging that defendant, City of Houston, failed to promote each of them to Senior Arson Investigator in June of 1980 as a result of racial discrimination. The case was tried to a jury beginning August 14, 1984, with all parties resting on August 24, 1984. On August 24, 1984, the jury rendered to the Court its answers to the Special Interrogatories submitted to them on plaintiffs' claims under 42 U.S.C. § 1981, and 42 U.S.C. § 1983. In its answers, the jury failed to find in favor of plaintiffs on either of these claims.

Plaintiffs, Scott and Moore, contend now that the Court should enter findings of fact and conclusions of law, pursuant to their 42 U.S.C. § 2000e claim, contrary to the findings of the jury. Defendants, however, argue that since the jury failed to find in favor of plaintiffs as to their § 1981 and § 1983 claims, plaintiffs are collaterally estopped from obtaining relief under their § 2000e claim, based upon the same facts as alleged in their § 1981 and § 1983 claims, under a discriminatory treatment theory of recovery.

All parties agree that in a case involving allegations of disparate treatment because of race, the elements of proof are the same under Title VII and § 1981, as well as § 1983 when a denial of equal protection is alleged. *General Bldg. Contractors Ass'n. Inc. v. Pennsylvania,* 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982); *Whiting v. Jackson State Univ.,* 616 F.2d 116 (5th Cir.), *reh'g en banc denied,* 622 F.2d 1043 (5th Cir.1980). These elements were set forth in the Court's charge to the jury on the law, and the jury failed to find that defendant, City of Houston, intentionally discriminated against plaintiffs because of their race. The Court fully concurs with the conclusion of the jury in this regard and finds that the decision of defendants not to promote plaintiffs in June of 1980 was not based upon intentional racial discrimination.

Assuming, *arguendo,* that the Court did not concur fully with the jury in this regard, it would be bound, nonetheless, by the jury's determination. As noted recent-

1. Title 42 U.S.C. § 1981 (1976) provides, in relevant part that:
   All persons within the jurisdiction of the United States shall have the same right in every State ... to the full and equal benefit of all laws and proceedings ... as is enjoyed by white citizens ...

2. Title 42 U.S.C. § 1983 (1979) provides, in relevant part that:
   Every person who, under color of any statute ... of any State ... subjects ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured ...

3. Title VII of Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*) provides, in relevant part that:
   It shall be an unlawful employment practice for an employer—
   to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; § 2000e–2(a)(1)

ly by the Eleventh Circuit Court of Appeals:

> An action for reinstatement and backpay under Title VII is by nature equitable and entails no rights under the seventh amendment... An action for damages under § 1981, however, is by nature legal and must be tried by a jury on demand... When legal and equitable actions are tried together, the right to a jury in the legal action encompasses the issues common to both. *See Curtis v. Loether,* 1974, 415 U.S. 189, 196 n. 11 [94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260]... When a party has the right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim.

*Lincoln v. Board of Regents,* 697 F.2d 928, 934 (11th Cir.1983), *reh'g* and *reh'g en banc denied; see also Beacon Theatres v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Accordingly, it is this Court's considered opinion that plaintiffs' § 2000e claim arising out of a disparate treatment theory must fail since the prior jury determinations have encompassed and resolved the issue.

### Disparate Impact

Plaintiffs contend next that they are entitled to recovery pursuant to 42 U.S.C. §§ 2000e *et seq.* under a disparate impact theory. Specifically, plaintiffs assert that:

> Defendants ... violated 42 U.S.C. § 2000(e)–2 by maintaining ... a practice of manipulating eligibility lists established pursuant to a facially neutral promotional scheme promulgated under Article 1269(m), Tex.Rev.Civ.Stat. which favor white firefighters and disparately impacts ... Blacks by excluding Blacks from promotions into mid management level ranks in the Houston Fire Department. Such practice of manipulating eligibility lists limits Plaintiffs' promotions to Senior Arson Investigator, deprived Plaintiffs of employment opportunities, and adversely affected their status as employees of the Houston Fire Department on account of their race.

Plaintiffs' Supplemental Trial Arguments and Supporting Memorandum of Law on the Title VII 42 U.S.C. §§ 2000e *et seq.* Claims at page 1 (September 5, 1984). The Court, however, is of the view that plaintiffs failed to give proper notice of this particular theory of liability to either the defendants or the Court.

For example, in their memorandum of law, filed on August 10, 1984, plaintiffs contended the following with regard to their § 2000e claim:

> Plaintiffs may establish a *prima facie* case by showing (1) that they belonged to a protected class; (2) that they were qualified for a particular position; (3) that despite their qualifications they were not promoted; and (4) a non-minority was promoted...
>
> The 'factual inquiry' in a Title VII case is whether the Defendant intentionally discriminated against the Plaintiff...
>
> The burdens under a Title VII cause of action are specifically set forth above in the case authority...

Plaintiffs' Memorandum of Law at pages 7, 9 and 11. Nowhere in their pretrial order, pretrial or trial memoranda do plaintiffs set forth the elements necessary to recover under a disparate impact theory or state specifically that they intend to seek redress under that theory. Further, in their motion in limine, filed August 14, 1984, defendants revealed their lack of knowledge of plaintiffs' pursuit of recovery under the disparate impact model when they asserted: "Plaintiffs' burden is to show intentional discrimination, not adverse impact by statistical evidence." (Defendants' Motion in Limine at page 1). Finally, the Court is of the opinion, contrary to that of plaintiffs, that their vague, general allegations as to the "policies and practices" of defendants afford insufficient notice to defendants or the Court as to plaintiffs' theory of recovery under the disparate impact model. *See* Plaintiffs' Post Trial Memorandum on the Availability and Applicability of the Disparate Impact Theory of Recovery Pur-

suant to 42 U.S.C. §§ 2000e *et seq.* (October 16, 1984).

■ However, assuming *arguendo* that plaintiffs provided proper notice of their intentions to seek relief under such a model of recovery, this Court is of the view that the disparate impact theory is inapplicable to plaintiffs' claim. In order to establish a claim of racial discrimination under a disparate impact theory, a plaintiff need only show that a facially neutral employment practice produces a significant adverse impact on one race. *Dothard v. Rawlinson,* 433 U.S. 321, 329, 97 S.Ct. 2720, 2726, 53 L.Ed.2d 786 (1977). A *prima facie* case is shown by identification of a neutral employment practice coupled with proof of its discriminatory impact on the employer's work force. *Johnson v. Uncle Ben's, Inc.,* 657 F.2d 750, 753 (5th Cir.), *reh'g* and *reh'g en banc denied,* 667 F.2d 92 (5th Cir.1981), *cert. denied,* 459 U.S. 967, 103 S.Ct. 293, 74 L.Ed.2d 277 (1982). The Fifth Circuit has stated:

> [t]he discriminatory impact model of proof in an employment discrimination case is not, however, the appropriate vehicle from which to launch a wide ranging attack on the cumulative effect of a company's employment practices. Nor may just any employment practice be challenged under this model simply because an uneven racial balance exists in an employer's work force.

*Pouncy v. Prudential Ins. Co. of America,* 668 F.2d 795, 800 (5th Cir.1982). Thus, "[t]he disparate impact model applies only when an employer has instituted a specific procedure, usually a selection criterion for employment, that can be shown to have a causal connection to a class based imbalance in the work force." *Id.* Accordingly, the Fifth Circuit in *Pouncy* was of the view that the disparate impact model was not applicable to any of the three "employment practices" singled out by the plaintiffs in that case—the failure to post job opening, the use of a level system, and evaluating employees with subjective criteria. *Id.* at 801. That court reasoned that "proof that a specific practice results in a discriminatory impact on a class in an employer's work

force" is required "in order to allocate fairly the parties' respective burdens of proof at trial." *Id.* at 800. Thus, the plaintiff must prove a disparate impact due to the selection procedure; then the employer must prove that the selection procedure is justified by a legitimate business reason. *Johnson,* 657 F.2d at 753.

As originally conceived in *Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), the disparate impact theory applies to an "overt, clearly identified nondiscretionary selection criteri[on] that [was] applied at a single point in a selection process." *Pouncy,* 668 F.2d at 800, quoting D. Baldus & J. Cole, *Statistical Proof of Discrimination* § 1.23 at 12 (1981 Supp.) *See Griggs,* 401 U.S. at 424, 91 S.Ct. at 849 (disparate impact analysis properly used to challenge aptitude and intelligence tests and educational requirements); *see Dothard,* 433 U.S. at 321, 97 S.Ct. at 2720 (disparate impact analysis applied to challenge height and weight requirements); *see New York City Transit Authority v. Beazer,* 440 U.S. 568, 99 S.Ct. 1355, 59 L.Ed.2d 587 (1979) (disparate impact model applied to challenge an employer's refusal to employ persons who use methodone); *compare Carpenter v. Stephen F. Austin State Univ.,* 706 F.2d 608, 620 (5th Cir.), *reh'g* and *reh'g en banc denied,* 712 F.2d 1416 (5th Cir.1983) (requires discriminatory treatment model, requiring proof of discriminatory intent, be applied in determining whether the obviously disparate effects of two channeling practices—the systematic assignment of lower compensated employment to Blacks and women in the Classified Pay Plan, and the use of subjectivity in implementation of job qualifications for initial job assignment and promotion and the placement of employees on the compensation scale reflect race and gender discrimination); *compare Carroll v. Sears, Roebuck & Co.,* 708 F.2d 183 (5th Cir.1983) (use of subjective criteria to evaluate employees in hiring and job placement decisions is not within the category of facially neutral procedures to which the disparate impact model is ap-

plied). Clearly, the alleged practice by defendants of manipulating promotions from known, existing eligibility lists is not within the category of facially neutral procedures to which the disparate impact model can be applied.

Moreover, the statistics presented at trial by plaintiffs do not establish a causative link between this purported manipulative practice and the composition of the work force. Plaintiffs did not show that, independent of other factors, the employment practices they challenged have caused the racial imbalance in the work force. "Absent proof that the impact is caused by one or more of the challenged employment practices", an employer is not required "to justify the legitimacy of any (or all) employment practices." *Pouncy*, 668 F.2d at 801, 802. Accordingly, plaintiffs' theory of recovery in this regard must fail.

### Conclusion

In summary, the Court, concurring with the jury, concludes that the proof adduced at trial fails to support a finding of race discrimination under the discriminatory treatment theory of Title VII. Further, the Court concludes that the nature of the evidence presented by plaintiffs does not establish a case of employment discrimination based on the disparate impact model. Accordingly, defendants' motion for judgment is granted as to all of plaintiffs' claims asserted in this litigation. Costs of court to be taxed against the plaintiffs herein. Counsel will prepare an appropriate final judgment for entry within fifteen (15) days.